# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARCUS D. SMITH,

        Appellant,

      v.

DEPARTMENT OF
   TRANSPORTATION,

        Agency.

DOCKET NUMBERS
AT-0752-05-0901-X-3
AT-0752-05-0901-X-4

DATE: November 3, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Elaine L. Fitch</u>, Esquire, Washington, D.C., for the appellant.

<u>Brian A. Price</u>, Des Plaines, Illinois, for the agency.

<u>Jennifer D. Ambrose</u>, Esquire and <u>Russell B. Christensen</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1    The administrative judge issued two compliance initial decisions in these now joined cases, finding the agency in noncompliance with two separate Board orders instructing the agency to pay the appellant compensatory damages and attorney fees.  For the reasons discussed below, we find the agency in compliance with both decisions and DISMISS the petitions for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2    On April 25, 2012, the Board issued a final order adopting the finding of the Equal Employment Opportunity Commission that the agency retaliated against the appellant for his protected equal employment opportunity activity.  *Smith v. Department of Transportation*, MSPB Docket No. AT-0752-05-0901-E-1, Final Order (Apr. 25, 2012).  The Board ordered the agency to cancel the appellant's 30-day suspension, restore him to duty effective August 1, 2005, and provide him appropriate back pay, with interest, and benefits.  *Id.*  The Board also forwarded the appellant's compensatory damages claim to the appropriate Board regional office for adjudication.  *Id.*

¶3    Following multiple spin-off cases and extensive litigation, the administrative judge issued two orders that form the basis for the instant compliance enforcement actions.  First, in the appellant's second compensatory damages case, the administrative judge issued a June 13, 2017 decision ordering the agency to pay the appellant $14,653.50 in compensatory damages.  *Smith v. Department of Transportation*, MSPB Docket No. AT-0752-05-0901-P-2, Compensatory Damages File, Tab 12, Initial Decision.  Second, in the appellant's third attorney fee case, the administrative judge issued a June 13, 2017 decision ordering the agency to pay the appellant $43,682.79 in attorney fees.  *Smith v. Department of Transportation*, MSPB Docket No. AT-0752-05-0901-A-3, Attorney Fees File, Tab 6, Initial Decision.

¶4        After the agency failed to pay either amount within the time prescribed, the appellant filed petitions for enforcement in the compensatory damages and attorney fees cases.  *Smith v. Department of Transportation*, MSPB Docket No. AT-0752-05-0901-C-3, Compliance File (C-3 CF), Tab 1; *Smith v. Department of Transportation*, MSPB Docket No. AT-0752-05-0901-C-4, Compliance File (C-4 CF), Tab 1.  On September 22, 2017, the administrative judge issued a compliance initial decision in the compensatory damages case, finding the agency noncompliant with the requirement that it pay $14,653.50 in compensatory damages.  C-3 CF, Tab 7, Compliance Initial Decision.  On October 5, 2017, the administrative judge issued a compliance initial decision in the attorney fees case, finding the agency noncompliant with the requirement that it pay $43,682.79 in attorney fees.  C-4 CF, Tab 6, Compliance Initial Decision.

¶5        Pursuant to 5 C.F.R. § 1201.183(a)(6)(i), governing submission of statements of compliance to the full Board, the agency filed separate statements regarding each compliance initial decision.  On October 27, 2017, the agency submitted a narrative statement and evidence that it paid the appellant $14,653.50 by electronic transfer that same day, as required by the compliance initial decision in the compensatory damages case.  *Smith v. Department of Transportation*, MSPB Docket No. AT-0752-05-0901-X-3, Compliance Referral File (X-3 CRF), Tab 1 at 4-5.  On October 30, 2017, the agency submitted a narrative statement and evidence that on September 28, 2017, it paid the appellant's law firm $43,682.79, as required by the compliance initial decision in the attorney fees case.  *Smith v. Department of Transportation*, MSPB Docket No. AT-0752-05-0901-X-4, Compliance Referral File (X-4 CRF), Tab 1 at 4-5.  The Board docketed these submissions as compliance referral matters, joined them, and issued a single acknowledgement order informing the appellant that he could file any response to the agency's evidence of compliance within 20 calendar days.  X-3 CRF, Tab 2 at 2; X-4 CRF, Tab 2 at 2.

¶6       On November 17, 2017, the appellant filed his response.  The appellant acknowledged receipt of the compensatory damages and attorney fee payments and did not contest that the agency was in full compliance regarding the latter. X-3 CRF, Tab 3 at 4; X-4 CRF, Tab 3 at 4.  However, the appellant contended that the agency was not fully in compliance concerning the compensatory damages payment because the same-day wire transfer caused the appellant's bank to charge him a $10 fee.  According to the appellant, the agency thus effectively paid him $14,643.50, rather than $14,653.50, and the $10 difference caused the agency to remain noncompliant.  X-3 CRF, Tab 3 at 4; X-4 CRF, Tab 3 at 4.

¶7       On June 1, 2018, the agency filed evidence that it reimbursed the appellant $10 for the fee charged by the bank.  X-3 CRF, Tab 4 at 4-5; X-4 CRF, Tab 4 at 4-5.  The appellant did not file a response.

## ANALYSIS

¶8       When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred.  *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005).  The agency bears the burden to prove its compliance with a Board order.  An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence.  *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011).  The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance."  *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶9       As explained above, the agency has now provided evidence that it paid the appellant the compensatory damages and attorney fees ordered by the Board, plus $10 to compensate the appellant for a fee charged by his bank to accept the same-day wire transfer of the compensatory damages payment.  The appellant has not challenged this evidence.  Accordingly, we find the agency in compliance and

dismiss the petitions for enforcement. This is the final decision of the Merit Systems Protection Board in these compliance proceedings. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                               _____
                               Jennifer Everling
                               Acting Clerk of the Board
Washington, D.C.